JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Magnolio Ambrocio Lopez Vasquez, | No. CV-26-2100-PHX-MTL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, | |
| Respondent. | |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Motion for Temporary Restraining Order and Motion for Order to Show Cause (Doc. 2). Petitioner alleges he is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

This Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1). *See Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Eighth Circuit also concluded that an alien detained in the interior is subject to mandatory detention, reasoning in part that for an alien to have been "admitted" for purposes of § 1225, the alien must have "made a lawful entry into the country," rather than "merely being present in the United States," and agreeing with the Fifth Circuit that an alien seeks admission "so long as he is present in the

United States and has not been admitted," "regardless of whether he takes any further affirmative steps to gain admittance." *See Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *2-5 (8th Cir. Mar. 25, 2026) (citation modified).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025).  The Court rejects Petitioner's argument that relief should be granted here simply because he is a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025).  On March 6, 2026, the Ninth Circuit Court of Appeals temporarily stayed the *Bautista* declaratory judgment, pending a ruling on the Government's emergency motion for a stay pending appeal.  *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he should seek relief in the Central District of California.

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1).  The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.  Petitioner is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(a) or the Due Process Clause.  The Petition will therefore be dismissed without prejudice.

**IT IS ORDERED**:

(1)    Petitioner's Motion for Temporary Restraining Order and Motion for Order to Show Cause (Doc. 2) is **denied as moot**.

(2)    The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.  The Clerk of Court must enter judgment accordingly and close this case.

Dated this 30th day of March, 2026.

Michael T. Liburdi
United States District Judge